UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EUCHNER-USA, INC., et al.,

                      Plaintiffs,

     v.                                  5:12-CV-604

HARTFORD CASUALTY INSURANCE COMPANY,

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

On April 24, 2013, the Court issued a decision from the bench, familiarity with which is assumed, granting Defendant's Motion for Summary Judgment, denying Plaintiffs' Cross Motion for Summary Judgment, and Dismissing Plaintiffs' Complaint. Currently before the Court is Plaintiffs' Motion for Reconsideration, Defendant's Memorandum in Opposition, and Plaintiffs' Reply thereto.

A motion for reconsideration is generally governed by Fed. R. Civ. P. 59(e) and/or 60(b) and Local Rule 7.1(g). Reconsideration of a court's prior ruling is an "extreme remedy only to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Stewart Park and Reserve Coalition, Inc. v. Slater, 374 F. Supp.2d 243, 253 (N.D.N.Y. 2005). The standard for granting a motion for reconsideration is "strict" as such a motion "is not a vehicle for reargument or asserting arguments that could and should have been made before [the order] was issued." Id. Thus, a motion for reconsideration will "not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader

v. CSX Transp., 70 F. 3d 255, 257 (2d Cir. 1995). The three grounds upon which a motion for reconsideration may be granted are: (1) an intervening change in controlling law; (2) availability of new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. Flemming v. Goord, 2011 WL 1541366, at *1 (N.D.N.Y. 2011).

**I.      DISCUSSION**

Plaintiffs move for reconsideration on the ground that this Court's decision is based on an error of fact. Plaintiffs assert that the Court wrongfully found that Feighan did not address whether the Scali complaint alleged negligence. Plaintiffs claim that Feighan's October 24, 2011 email reveals that he did address negligence through his discussion of the policy definition of an "employee benefits injury," which includes the phrase "negligent act." Plaintiff again asserts that the claims brought forth by Scali in the 12th, 13th, and 14th causes of action of her Amended Complaint constitute an "employee benefits injury."

Although Feighan set forth the definition of an "employee benefits injury," which included the phrase "negligent act,"and concluded that Scali's claim may constitute an "employee benefits injury," he never specifically analyzed whether the allegations in the Scali complaint constituted negligence as opposed to intentional conduct. In any event, it is irrelevant whether Feighan discussed negligence or changed his opinion concerning coverage, because the Scali complaint does not assert claims that are reasonably suggestive of negligence. While Scali's 12th, 13th, and 14th causes of action speak of "wrongful" conduct, they are entirely based on facts that speak categorically of intentional conduct. Defendant's policy unequivocally states that injuries under the policy must arise from negligent actions. Therefore, there was no duty to defend.

## II. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration is **DENIED**. Defendant's Motion for Costs and Fees is **DENIED**.


IT IS SO ORDERED.

Dated: July 8, 2013

_____
Thomas J. McAvoy
Senior, U.S. District Judge